IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEATHER MERCADO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:20-cv-2811 |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Heather Mercado ("Plaintiff") brings this action against the United States of America ("Defendant"), and in support thereof, states the following:

## INTRODUCTION

This is an action for damages brought under the Federal Tort Claims Act ("FTCA"). Officials at the federal prison in Bryan, Texas, including the Special Investigative Services ("SIS") office, were aware that Plaintiff had been sexually harassed and assaulted by a correctional officer, Terrance Miller, who was Plaintiff's supervisor in the kitchen. However, SIS and the prison took no action whatsoever, and Plaintiff was then raped again by Miller.

## JURISDICTION AND VENUE

1. This is a civil rights action arising under the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343 (civil rights jurisdiction).

Venue in this district is proper under 28 U.S.C. § 1391(e)(1) because Defendants are the United States of America itself and its officers acting in their official capacity, and under §

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 1

1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

2. Plaintiff Heather Mercado is currently an inmate at the Federal Detention Center in Phoenix, Arizona.

3. Defendant the United States of America is sued under the FTCA for the negligent acts of its officers acting within the scope of their employment at a federal prison.

## FACTS

4. Plaintiff began working in the kitchen at FPC Bryan in February 2019. Terrence Miller, a correctional officer, also worked in the kitchen as a supervisor.

5. In about mid-March, 2019, Miller promoted Mercado to be his clerk.

6. He immediately began making inappropriate sexual comments about her. Soon after that he started touching her. At times when Miller and Plaintiff were working alone together, he would put his hands in her pants and put his fingers in her vagina. Miller would put his hands over and under her bra and shirt and fondle her breasts. This went on almost every day.

7. Plaintiff tried to get another job but was unable to do so.

8. Miller threatened Plaintiff about talking to anyone about what was going on, and even implied that he could kill her with a crossbow.

9. On May 12 (Plaintiff remembers this specifically because it was Mother's Day), Miller forced Plaintiff to go into the cooler with him and he raped her.

10. Around that time, Officers Robeless and Hardin (first names unknown; last names may be spelled differently), who also worked in the kitchen, told Plaintiff on several separate occasions that they knew Miller was sexually harassing and assaulting her, and that they had notified SIS

and the Captain.  This was several weeks before the last time Plaintiff was raped, but no one followed up to help her in any way.

11.    Miller continued to sexually harass and assault Plaintiff for the next several weeks.  The last time Miller raped Plaintiff was in the bakery pantry, just before she was transferred from the Bryan facility to Phoenix on June 13.

12.    When Plaintiff was interviewed about the assaults by the Bryan SIS Lieutenant, after the last time she was raped by Miller, the Lieutenant apologized for not having taken any action after having been informed of the situation previously.

13.    Had the SIS Lieutenant or anyone else at the prison taken concrete steps to remove Miller from the facility or otherwise prevent contact between Miller and Plaintiff, as soon as they knew he was assaulting her, she would not have continued to be assaulted and raped for nearly a month. Prison officials have an absolute duty to prevent such conduct when they are aware of it, and certainly do not have any discretion to simply allow it to continue.

14.    Plaintiff is still constantly afraid that she will be raped by another officer.  She is suffering from severe PTSD, as well as other mental anxiety and trauma due to this incident.

## CAUSE OF ACTION

### *Federal Tort Claims Act: Negligence*

15.    Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

16.    All conditions precedent to filing this suit have been satisfied, including those set out in 28 U.S.C. § 2675.

17.    The FTCA states, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

18.     Here, the United States is liable for its officers negligently allowing sexual assaults and harassment to continue despite specifically knowing of their prior occurrence and having an opportunity to intervene and prevent further assaults.

19.     Officers at a federal prison have a duty to prevent inmates from being sexually assaulted by correctional officers, especially when they know a particular correctional officer has previously assaulted a particular inmate.

20.     Officers at Bryan Federal Detention Center breached this duty by doing absolutely nothing to intervene when they knew Terrence Miller had previously sexually assaulted and harassed Plaintiff on an ongoing basis.

21.     This failure to intervene was a cause-in-fact and proximate cause of further sexual assaults perpetrated against Plaintiff by Miller.

22.     These assaults harmed Plaintiff as described herein.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue the following relief:

23.     Assume jurisdiction over this matter;

24.     Award compensatory damages, including but not limited to damages for physical and emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, to Plaintiff;

25.     Award actual damages to Plaintiff;

26.     Award Plaintiff the costs of this lawsuit, including reasonable and necessary attorney fees and expert fees;

27.     Award Plaintiff post-judgment interest as allowed by law; and

28.     Grant any other relief, at law or in equity, which this Court deems just and proper.

Respectfully submitted,

By: */s/ Don Tittle*

        Don Tittle
        Texas Bar No. 20080200
        don@dontittlelaw.com

LAW OFFICES OF DON TITTLE, PLLC
6301 Gaston Avenue, Suite 440
Dallas, Texas  75214
214/522-8400
214/389-1002 – Fax

*ATTORNEY FOR PLAINTIFFS*